UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES STEWART** | : | **DOCKET NO. 2:22-cv-1022** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Currently before the court is a civil rights suit filed by federal inmate Charles Stewart, pursuant to 42 U.S.C. § 1983. At the time of filing, Stewart was incarcerated at the Elayn Hunt Correctional Center, but his claims relate to incidents that allegedly occurred while he was incarcerated at the Allen Correctional Center. Contained within the original complaint is a request for relief. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Plaintiff alleges that in 2020, his constitutional rights were violated by the named defendants, officials at the Allen Correctional Center At present, summonses are being served upon the defendants. As part of the relief sought in his original complaint, however, plaintiff asks for a "permanent injunction ordering defendants [sic] Warden Keith Cooley from employing the use of Force policy against passive, non-combative inmates, until the constitutionality of said department policy is adjudicated." Doc. 1, p. 14. Though couched in terms of a permanent injunction, we believe plaintiff is seeking relief pending outcome of this litigation and we are treating that request as such.

A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Injunctive relief is designed to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); see also *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

Furthermore, in the prison setting, requests for injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Except in extreme circumstances, the federal courts are reluctant to interfere with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright,* 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

The Prison Litigation Reform Act ("PLRA") also makes clear that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a) (1). A prisoner may not obtain a preliminary injunction unless the court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a) (2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. 18 U.S.C. §§ 3626(a) (1) (B), 3626(a) (2); *Nelson v. Campbell*, 124 S. Ct. 2117, 2126 (2004).

Plaintiff seeks to prevent the prison officials from using any force, apparently even reasonable force, which is often necessary to maintain order and discipline in the jail. *Matthews v. Lo*, No. 21-1862, 2021 U.S. Dist. LEXIS 228410, *8 (E.D. La. Nov. 5, 2021). Similarly, jail officials need the ability to confiscate contraband and other items which pose a threat within the jail. *Id*. Thus, the restrictions sought by plaintiffs are overly broad. *Id*. Therefore, the Plaintiff has not met the burden necessary for the court to issue temporary or permanent injunctive relief, nor has he provided grounds for this Court to intervene in the normal operations of the jail, as required for injunctive relief under the PLRA.

In a separate order, service of process on the defendants has been ordered. Thus, Plaintiff's claims will ultimately be addressed on the merits.

Based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's request for preliminary injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE