UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES STEWART (DOC#11347)** | * | **CASE NO. C-2:22-cv-01022-JDC-KK** |
| | * | |
| **VERSUS** | * | **JUDGE CAIN** |
| | * | |
| **KEITH COOLEY, *ET AL.*** | * | **MAGISTRATE JUDGE KAY** |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |

<u>MEMORANDUM IN REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS UNDER Fed. R. Civ. P. 12(b)(1) AND Fed. R. Civ. P. 12(b)(6)</u>

**MAY IT PLEASE THE COURT**

NOW INTO COURT, through undersigned counsel, come Defendants, who respectfully

file this <u>Memorandum in Reply</u> in response to Plaintiff's <u>Memorandum in Opposition to Motion</u>

<u>to Dismiss</u> (Rec. Doc. 17) filed on 14 December 2022, in the above-captioned matter. To wit:

**<u>ARGUMENT</u>**

Defendants respectfully reiterate all of the arguments put forth in their <u>Memorandum in</u>

<u>Support</u> (Rec. Doc. 13-3) of their <u>Motion to Dismiss</u> (Rec. Doc. 13-2). They assert those arguments

are dispositive of Plaintiff's <u>Complaint</u>. That having been said, Defendants now address the

untimely filing of Plaintiff's <u>Memorandum</u> and the unpersuasive arguments therein put forth.

    **I.**    **<u>Plaintiff's Memorandum in Opposition was filed untimely. Accordingly,
Defendants' Motion to Dismiss should be considered unopposed</u>**.

Defendants filed their <u>Motion to Dismiss</u> (Rec. Doc. 13-2) on 22 November 2022. *See*

<u>Exhibit A</u>. 22 November 2022 was the 326th day of the year. On the same day, the undersigned

served opposing counsel with a copy of said <u>Motion</u> by providing it as an attachment to an

electronic mailing. *See* <u>Exhibit A – Certificate of Service</u> and <u>Exhibit B</u>. On 23 November 2022,

this Honorable Court's Clerk of Court issued a <u>Notice of Motion Setting</u> (Rec. Doc. 16; <u>Exhibit</u>

C). In the body of the Notice, the Clerk's office included the following:

**Deadlines**

>    Any person who opposed the motion may file a memorandum in opposition within twenty-one (21) days after service of the motion. See LR 7.5. The movant may file a reply within seven (7) days after the memorandum in opposition is filed. Reply memoranda are limited to 7 pages. Leave of court will be required to file additional briefs. OPPOSITION TO THE MOTION MUST BE FILED TIMELY OR THE MOTION WILL BE CONSIDERED UNOPPOSED.[1]

The mandate included in the Clerk's Notice explicitly provided Plaintiff's counsel with twenty-one (21) day after being served with a copy of Defendants' Motion to Dismiss to file a memorandum in opposition. Accordingly, he had until 13 December 2022, the 347th day of the year, to file any memorandum in opposition to Defendants' Motion to Dismiss. But Plaintiff's counsel did not file his Memorandum in Opposition (Rec. Doc. 17) on or before 13 December 2022. Instead, he filed his Memorandum in Opposition on 14 December 2022, the 348th day of the year. Defendants assert said filing was thus untimely as it fell beyond the aforementioned, permissive twenty-one (21) day window. Consequently, Defendants assert this Honorable Court should not consider Plaintiff's Memorandum in Opposition when rendering its decision on the instant Motion to Dismiss and instead should consider Defendants' Motion to Dismiss as being unopposed.

## II.   Plaintiff's arguments

Defendants assert Plaintiff's opposition is based on two (2) premises: (I) Defendants are not entitled to immunity under The Eleventh Amendment; and (II) Plaintiff's failure to exhaust his administrative remedies is irrelevant. Defendants assert both of these (premises) are incorrect. In

---

[1] Emphasis included in the original

particular, Defendants would note that in his <u>Memorandum in Opposition</u>, Plaintiff states:

> The thrust of the present motions before the Court are twofold; firstly, that the defendants are immune from suit pursuant to the Eleventh Amendment of the United States Constitution; & secondly that the plaintiff has failed to exhaust administrative remedies. (Rec. Doc. 17, p. 1).

### A.      <u>Plaintiff conflates the absolute immunity afforded the State and its agents by The Eleventh Amendment with the concept of qualified immunity</u>.

Defendants assert their <u>Motion to Dismiss</u> should be granted because of the persuasive nature of the arguments put forth in the <u>Motion</u>'s complementary <u>Memorandum</u> (Rec. Doc. 13-3). Additionally, Defendants assert Plaintiff failed to put forth any argument in his <u>Memorandum in Opposition</u> that should be considered worthy of overcoming Defendants' argument in favor of the summary dismissal of Plaintiff's instant suit. Plaintiff asserts Defendants are not entitled to qualified immunity under The Eleventh Amendment to the United States Constitution. Defendants do not necessarily disagree with that argument because the absolutely immunity afforded to States by The Eleventh Amendment and the concept of qualified immunity are materially distinct. Qualified immunity has no relevance in the context of The Eleventh Amendment.

The Eleventh Amendment does not contemplate qualified immunity. The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos, *Champagne v. Jefferson Parish Sheriff's Office, et al.*, 188 F.3d 312, 313 (5th Cir. 1999), *E.g.*, *Voisin's Oyster House v. Guidry*, 799 F.3d 183, 185 (5th Cir. 1986). The sovereign immunity afforded to States and their agents under The Eleventh Amendment is absolute, unless it is waived, either statutorily or voluntarily. Neither scenario is present here. 42 U.S.C. § 1983 does not obviate or circumvent the absolute immunity provided by The Eleventh Amendment. *Champagne v. Jefferson Parish Sheriff's Office, et al.*, 188 F.3d at 314, citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139,

59 L.Ed.2d 358 (1979). And the State has not herein waived its entitlement to said immunity. LA. REV. STAT. § 13:5106(A). The State of Louisiana, through its officials, does not consent to this suit and herein respectfully declines to waive its sovereign immunity. Consequently, the real party in interest herein is the State of Louisiana and The Eleventh Amendment bars Plaintiff's instant attempt to assign liability to it through its agents.

As to the individual actor's, Defendants assert Warden Cooley is entitled to qualified immunity because Plaintiff's complaint alleges no personal involvement by Warden Cooley; and, of course, subordinates' acts trigger no individual § 1983 liability. . *Champagne v. Jefferson Parish Sheriff's Office, et al.*, 188 F.3d at 314, citing *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999). Nurse Rowland is entitled to qualified immunity because she had no direct, personal involvement in the alleged events of 23 November 2020. Therefore, to the extent Plaintiff alleges he suffered an injury during the underlying event and/or continued to suffer after the incident, Nurse Rowland is entitled to qualified immunity because Plaintiff failed to plead facts showing she was involved in underlying incident and/or the allegedly unconstitutional act(s). And a "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). A mere disagreement with the course of treatment is not sufficient to state a claim for deliberate indifference. *Easter*, 467 F.3d at 464, citing *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Id*., citing *Johnson*

4

*v. Treen*, 759 F.2d 1236, 1238 (5ᵗʰ Cir. 1985). And even when a government official violates a constitutional right, the official is nevertheless entitled to qualified immunity if his or her conduct is objectively reasonable in light of clearly established law. *Easter*, 467 F.3d at 462, citing *Salas v. Carpenter*, 980 F.2d 299, 210 (5ᵗʰ Cir. 1992). As to the claims against Major Victorian, Lieutenant Bihm, and Master Sargent Thomas, Defendants simply refer the Court to the arguments put forth in their <u>Memorandum in Support</u>, pp. 34 – 36, and now assert Plaintiff failed to argue anything in his untimely <u>Memorandum in Opposition</u> that overcomes said arguments.

**B.   <u>Plaintiff's failure to exhaust his administrative remedies</u>.**

On page 4 of his <u>Memorandum in Opposition</u>, Plaintiff concedes, "Without question or dispute the plaintiff's claims did not go to the Second Step A.R.P. process." Considering Louisiana has a two-step Administrative Remedy Procedure ("ARP") for inmates which they are required to use before filing suit in district court, LA. ADMIN. CODE tit. 22, Pt. 1, § 325(A) (2009), Defendants respectfully assert this concession, in and of itself, serves as the basis for granting the pending <u>Motion to Dismiss</u> (based upon the arguments made in their complementary <u>Memorandum in Support</u>, pp. 25 – 30) – Plaintiff failed to comply with Louisiana's ARP protocol.

Citing *Woodford v. Ngo*, 548 U.S. 81 (2006), Plaintiff then acknowledges exhaustion of administrative remedies by an inmate is mandatory. (Rec. Doc. 17, p. 4) Citing *Johnson v. Kukua*, 342 Fed.App'x. 933, 934 (5ᵗʰ Cir. 2009), he further acknowledges proper exhaustion requires that an inmate comply with all administrative deadlines and procedural rules. (Rec. Doc. 17, p. 5). LA. ADMIN. CODE tit. 22, Part 1, § 325(G)(1) requires a grievance must be filed within ninety (90) days of the alleged event that is the subject of the complaint. And the Fifth Circuit acknowledged the validity of the ninety (90) day element of Louisiana's ARP process in *Dillon v. Rogers* when the

Court held, "The grievance letter should be written within ninety (90) days of the alleged event that is the subject of the complaint." *Dillon v. Rogers, et al.*, 596 F.3d 260, 267 (5th Cir. 2010), citing LA. ADMIN. CODE tit. 22, Pt. 1, § 325(G)(1).

But Plaintiff self-servingly and incorrectly asserts ALC-2021-1184, the ARP underlying this suit, was filed/received on 21 February 2021. (Rec. Doc. 17, p. 6) It wasn't. Plaintiff may have drafted the ARP on 21 February 2021. But it was filed/received on 23 February 2021, the same day it was rejected. *See* Exhibit D. The incident underlying this lawsuit allegedly occurred on 23 November 2020. 23 November 2020 was the three hundred and twenty-eighth (328th) day of 2020. 2020 was a "leap year." It thus contained three hundred and sixty-six (366) calendar days. Plaintiff filed ALC-2021-1184 on 23 February 2021. 23 February 2021 was the fifty-fourth (54th) day of 2021. Consequently, ninety-two (92) days passed between the date of the underlying incident and the date upon which Plaintiff filed ALC-2021-1184. Plaintiff failed to comply with the administrative deadlines governing Louisiana administrative remedy procedure.

Plaintiff's last ditch effort to defeat Defendants' Motion to Dismiss is effectively a "Hail Mary" – he attacks the "practices" utilized at Allen Correctional Center ("ALC") as being "within the ambit of not being capable of use to obtain relief." (Rec. Doc. 17, p. 6). He claims the practices at ALC effectively prevent him from seeking redress, calling the process a "dead end" because officials require a grievance to be no more than one page in length. (Rec. Doc. 17, pp. 6 – 7). But that is a mischaracterization of LA. ADMIN. CODE tit. 22, Pt. 1, § 325(G)(1)(a)(iii) and what he was told when ALC-2021-1194 was rejected. In his Complaint, Plaintiff correctly stated what he was actually told when ALC-2021-1184 was rejected, "The offenders request is unclear and the volume of attached material it too great. Offender may resubmit in a 1 page condensed version." (Rec.

Doc. 1, p. 5, § V., ¶ 19.) That response complies with LA. ADMIN. CODE tit. 22, Pt. 1, §
325(G)(1)(a)(iii):

> Original letters or requests to the warden should be as brief as possible. Offenders
> should present as many facts as possible to answer all questions (who, what, when,
> where and how) concerning the incident. If a request is unclear or the volume of
> attached material is too great, it may be rejected and returned to the offender with a
> request for clarity or summarization on one additional page.

So officials at ALC did exactly what LA. ADMIN. CODE tit. 22, Pt. 1, § 325(G)(1)(a)(iii) mandates.

When confronted by a grievance that is unclear of overly voluminous, it can be rejected with a

request that the inmate submit an additional page clarifying or summarizing the grievance. But the

argument Plaintiff asserts in his <u>Memorandum in Opposition</u> improperly challenges the legality of

Louisiana's ARP process by claiming it is a "dead end," offering no relief. Defendants assert this

argument falls squarely outside the scope of Plaintiff's <u>Complaint</u> because the legality and

constitutionality of Louisiana's administrative remedy procedure is not at issue before the Court.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ David A. Young*

David A. Young (La. Bar. Roll №. 25940)
Assistant Attorney General
Louisiana Department of Justice – Division
of Risk Litigation
556 Jefferson Street, 4th Floor
Lafayette, Louisiana  70501
Telephone: (337) 262-1700
Facsimile: (337) 262-1707
Email: YoungD@ag.louisiana.gov
Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 21st day of December 2022, I electronically filed the foregoing with the Court of Court by means of its electronic filing system, CM/ECF. Notice of the filing will be sent to all parties who participate in electronic filing by operation of this Court's electronic filing system. Furthermore, a physical copy of this pleading was served on the Plaintiff in this matter, Mr. Charles Stewart, by means of the United States Postal Service, postage prepaid, at the following physical address:

Robert L. Marrero (La. Bar Roll №. 8947)
ROBERT L. MARRERO, LLP
401 Whitney Avenue, Suite 126
Gretna, LA 7005
Telephone: (504) 366-8025
Facsimile: (504) 366-8026
Email: office@bobmarrero.com

*/s/ David A. Young*
David A. Young

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES STEWART (DOC#11347)** | * | **CASE NO. C-2:22-cv-01022-JDC-KK** |
| | * | |
| **VERSUS** | * | **JUDGE CAIN** |
| | * | |
| **KEITH COOLEY, *ET AL.*** | * | **MAGISTRATE JUDGE KAY** |
| ************************************ | | |

### Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6)

NOW INTO COURT, through undersigned counsel, strictly for the limited purpose of filing this Motion to Dismiss, come Defendants, Warden Keith Cooley, Major Curly Victorian, Lieutenant Jody Bihm, Master Sargent Ron Thomas, and Nurse Rachel Rowland, who respectfully file this Motion to Dismiss in response to the Complaint – Prisoner Civil Rights under 42 U.S.C. § 1983 (Rec. Doc. 1) filed by Plaintiff on 14 April 2022 in the above-captioned matter. Defendants seek the prejudicial dismissal of Plaintiff's claim(s) against them pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for the reasons set forth more fully in the accompanying Memorandum in Support.

Plaintiff, Charles Stewart, is a prisoner sentenced to the custody of the Louisiana Department of Public Safety and Corrections who was at all times pertinent hereto incarcerated at Allen Correctional Center in Kinder, Louisiana.

Plaintiff filed the instant suit under 42 U.S.C. § 1983 against the five (5) named Defendants, all of whom worked at Allen Correctional Center at all times pertinent hereto. He seeks monetary relief from all five (5) of the Defendants.

Plaintiff asserts a variety of claims against Defendants. His claims against Defendants in their official capacity are prohibited because as employees of the state of Louisiana sued in their



official capacity, they are immune from suit in Federal Court under the principal of sovereign immunity as recognized by the Eleventh Amendment to the United States Constitution. His claims against Defendants are prohibited as untimely and/or inappropriate because he failed to file his underlying administrative remedy proceeding, ALC-2021-1184, in a timely manner according to terms and conditions of the Prison Litigation Reform Act. He additionally failed to adhere to the Prison Litigation Reform Act by failing to file and pursue the "second step" in ALC-2021-1184. Consequently, he failed to exhaust the administrative remedies at his disposal. As employees of the State of Louisiana, Defendants are entitled to qualified immunity from Plaintiff's claims in their respective individual capacities. Additionally, Plaintiff failed to articulate any act or omission that violates a constitutionally protected right and/or allege a violation of his rights under the Eight and Fourteenth Amendments. Additionally, the incident underlying Plaintiff's Complaint occurred on 23 November 2020. But this suit was not filed until 14 April 2022. And given that Plaintiff's underlying administrative remedy procedure, ALC-2021-1184, was filed untimely, it was if it was never filed for purposes of suspended the governing liberative prescription period under Louisiana's Civil Code and Louisiana's Revised Statutes. Consequently, its filing did not toll the one (1) year prescriptive period applicable to Plaintiff's instant delictual action. Therefore, Plaintiff's claims are prescribed as more than one (1) year passed between the incident's occurrence and the filing of this suit.

2

WHEREFORE, Defendants pray the instant <u>Motion</u> be granted and that all claims against

them be dismissed with prejudice and at Plaintiff's cost.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ David A. Young*

David A. Young (La. Bar Roll №. 25940)
Assistant Attorney General
Louisiana Department of Justice
Division of Risk Litigation
556 Jefferson Street, 4th Floor
Lafayette, Louisiana 70501
Telephone: (337) 262-1700
Facsimile: (337) 262-1707
Email Address: youngd@ag.louisiana.gov
Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 22 November, 2022, I electronically filed the foregoing
with the Clerk of Court by means of its electronic filing system, CM/ECF. Notice of the filing will
be sent to all parties who participate in electronic filing by operation of this Court's electronic
filing system. Furthermore, a physical copy of this pleading was served on the Plaintiff's counsel
in this matter, Mr. Robert L. Marrero, by means sending it to him by means of electronic mail and
by means of the United States Postal Service, postage prepaid, at the following physical address:

Robert L. Marrero (La. Bar Roll №. 8947)
ROBERT L. MARRERO, LLP
401 Whitney Avenue, Suite 126
Gretna, LA 7005
Telephone: (504) 366-8025
Facsimile: (504) 366-8026
Email: office@bobmarrero.com

*/s/ David A. Young*

David A. Young
Assistant Attorney General

3

## Young, David

| | |
|---|---|
| **From:** | Young, David |
| **Sent:** | Tuesday, November 22, 2022 1:55 PM |
| **To:** | office@bobmarrero.com |
| **Cc:** | Darby, Amanda; Musson, Jessica |
| **Subject:** | Charles Stewart v. Keith Cooley, et al. |
| **Attachments:** | (013) Motion (and Incorporated Memorandum) For Leave to Exceed LR 7.8 Page Limit 2022-11-22.pdf; (13-1) Order Granting Defendants' Motion (And Incorporated Memorandum) for Leave to Exceed Local Rule 7.8 Page Limit 2022-11-22.pdf; (13-2) Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) 2022-11-22.pdf; (13-3) Memorandum in Support to Defendants' Motion to Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) 2022-11-22.pdf |

Mr. Marrero,

Attached for your review and consideration, please find the following pleadings which I recently filed in *Charles Stewart v. Keith Cooley, et al.*:

1. Motion (and incorporated Memorandum in Support) for Leave to Exceed Local Rule 7.8 Page Limit;

2. (proposed) Order;

3. Motion to Dismiss; and

4. Memorandum in Support.

Sincerely,



**David A. Young**, Assistant Attorney General
Lafayette Regional Office – Litigation Division
Office of Attorney General Jeff Landry
Phone: (337) 262-1700  Fax: (337) 262-1707
www.AGJeffLandry.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.



**Defendant
Exhibit
No. B**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CHARLES STEWART #111347** | **CASE NO.  2:22-CV-01022** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY ET AL** | **MAGISTRATE JUDGE KAY** |

### NOTICE OF MOTION SETTING

Please take notice that the Motion to Dismiss for Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim (Document No. 15) filed by Bihm, Keith Cooley, Rachel Rowland, Thomas, Victorian on November 23, 2022 has been referred to the Honorable James D. Cain, Jr. for consideration on or after the next regular motion date, which is  December 28, 2022. The motion date is used by the Court for tracking purposes and does not guarantee the motion will be considered on this date.  A written ruling will be issued in due course.

#### Deadlines

Any party who opposes the motion may file a memorandum in opposition within twenty-one (21) days after service of the motion. See LR 7.5.  The movant may file a reply within seven (7) days after the memorandum in opposition is filed. Reply memoranda are limited to 7 pages.  Leave of court will be required to file any additional briefs.  OPPOSITION TO THE MOTION MUST BE FILED TIMELY OR THE MOTION WILL BE CONSIDERED UNOPPOSED.

#### No Oral Argument

It is the policy of the Court to decide motions on the basis of the record without oral argument. Briefs should fully address all pertinent issues.  All parties will be notified if the Court finds oral argument is necessary.

#### Courtesy Copies Not Required

The parties are relieved of their obligation under LR 7.1 to provide chambers with courtesy copy of the briefs and any attachments filed in connection with this motion.

**DATE OF NOTICE: November 23, 2022**

TONY R. MOORE
CLERK OF COURT



Defendant
Exhibit
No. **C**

## ADMINISTRATIVE REMEDY PROCEDURE & PROPERTY CLAIMS

### INPUT SCREEN

CASE NUMBER: ALC-2021-1184
EVACUEE:
DOC #: 111347      BACKLOG:
LAST NAME: STEWART         FIRST NAME: CHARLES
RECORD TYPE: A     SUBJECT CODE: 0700 - ABUSE/CONFLICTS W/STAFF-GENERAL
INCIDENT DATE: 11/23/2020   SUBJECT TYPE :

|  | DATE RECEIVED | ACCEPTED DATE | DISPOSITION DATE | DISPOSITION CODE |
|---|---|---|---|---|
| STEP 1: | 02/23/2021 |  | 02/23/2021 | 05-Rejected |
| STEP 2: |  |  |  |  |

COMPLAINT: CONFLICTS WITH STAFF
IF REJECTED REASON: THE OFFENDERS REQUEST IS UNCLEAR AND THE VOLUME OF
ATTACHED MATERIAL IS TOO GREAT.

02/23/2021

02/23/2021


Defendant Exhibit No. D

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: ALC-2021 -1184

TO: <u>CHARLES STEWART  111347</u>
     Offender's Name and Number                    Living Quarters

<u>11/23/2020</u>
Date of Incident

ACCEPTED:  This request comes to you from the Wardens Office.  A response will be issued within 40 days of this date.

X        REJECTED:  Your request has been  rejected for the following reason(s):
                  THE OFFENDERS REQUEST IS UNCLEAR AND THE VOLUME OF ATTACHED MATERIAL IS TOO GREAT.

<u>      02/23/2021      </u>
Date                                            Warden's Signature or Designee

RECEIVED

This is An Administrative Remedy Procedure

Charles Stewart# 11347                              11-23-20
Inmate Name    Doc                        Date of Incident

                                        Mars A1 1 D.2
×××-×-×××-××-×-××× ××-×-×-×-×-× × × × ×-×-× × × × ×Place of Incident ××××××××
Nature of Complaint

Deliberate Indifference to my Health & Safety, Mental health & Medical,
malfeance in officer, conspiracy, Retaliation and Denied Equal Protection
of the law, Excessive force, cruel and unusual Punishment. Consequently
creating a violation of my constitutional rights...


It is strongly said that corrections services has established the
administrative Remedy Procedure through which an inmate may seek formal
review of a complaint which relates to any aspect of his incarceration.
If less formal methods have not resolved the matter.
Such complaints and grievances include, But are not limited to any and all
claims seeking monetary, Injunctive, Declatory, or any other form of relief
Authorized by law and by way of illustration includes action Pertaining to
conditions of confinement and by anymeun through this Procedure inmates
shall recieve reasonable ~~and~~ responses and where appropriate meaningful
remedies.


            Applicability
Inmate may request Administrative Remedies to Situations Arising
from Policies, conditions or events within the institution that
effect them Personally...

2

## Grievance/Complaint

On 11-23-20 I recieved a response from the first step of a A.R.P that I had filed on 7-22-20 Case #ALC-2020-787 However I, inform the two officers that it was 80 days to for a response, and that on this first step response that is being presented to me is dated 8-10-20, and that if I was to except and sign it; they would have to place their signature under my signature with date I recieved it. Both officers agreed to sign. I told them thanks, and that I hope I didn't have to deal with the repercussion of farther Retaliation! At that point one of the officer reply; I can't promise you that, but she wish me goo Luck!!! Now on that same night I was awaken out of my sleep, to be shook down. So I got up and ask the Lt. Corey if that was part of the process with the retaliation? Lt. Corey stated why would I think that, I informed him that on 11-21-20 an officer had order me to get out of the shower and walk down the tier with no clothes on, and that in the process I slipped down hurting myself, and was refused medical. Lt. Corey ask me if I wanted him to bring me to medical. I told him yes! He then replied hold up im going to get the paper for you to sign. upon his return another inmate stated, why you got the cop on the tier. Next thing I know Lt. Corey stated to me come on let's go see medical. When I get to medical I was told I was going on lockdown. At that point I started hollering declaring myself suicidal and requested emergency mental health. So I was escorted to mar's unit A-2 shower cell, and was order to give up all my clothes, I was then given a paper suicidal gown and was placed in handcuffs (restraints) behind my back. I was then removed from the shower cell, to A-1 cell #6, to which I went in and climb up on sink, and started yelling out loud; I wanted to see my mental health social worker. That is when major vick and m.sgt T started talking to me stating they was calling her, and order the other sgt. to open the cell, and they came in and help me get down off the sink with no problem. I was then once again escorted from A-1 to D-2 cell two, once in the cell I climbed back up on the sink with the same hand-cuffs on

5

time for me, and that he was going to spray me like a cock roach and I told him if he spray me I was going to "kill my self" and started walking off the tier and order Lt. Bihm to spray me, and that's what he did! That is when I came down on my back; I don't know if I broke my arm then or when "Sgt. thomas" and sgt un came in my cell without stretcher nor anyone from medical to examine me, but did maliciously and sadistically grab me by my arms with the hand-cuffs still on behind my back dragged me to the shower and throw me in and left me their on the floor, then they came removed me from the shower and put me back in the cell, still with handcuffs ~~backs~~ on. Finally; the nurse arrive at my cell, and order that for the handcuffs to be removed, so she could administrate a fake report in my medical records in violation of my constitutional rights,

Now today's date 2-21-21 and I'm still experience the affects from this on going of retaliation from this institution as a whole; security and medical; that I inten to Amend after a full investigation of medical negligence and medical malpractice, as to why? It took 2 month's before I was ever recommend to see a doctor for my broken arm and has been deny any kind of treatment plan...

                    Relief
That I be compensated for the damages that has been cause from the sadistic and malicious act of the officers that cause pain and suffering as well as mental anguish. And for the deliberate indifference to my mental health and medical need...

                    Respectfully
                    Charles Stewart
                    2-21-21
                    C+d